E-filing

Paul E. Smith, Cal. Bar No. 216644
LAW OFFICES OF PAUL E. SMITH
16870 West Bernardo Dr., Suite 400
San Diego, California 92127
Telephone: (858) 679-3396
Facsimile: (858) 630-4947
psmith@paulsmithlaw.com

Attorney for Plaintiff
JOEL CORRAL

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Joel Corral,<br><br>    Plaintiff,<br><br>v.<br><br>Creditors Financial Group LLC,<br><br>    Defendant. | Case No.:<br><br>COMPLAINT FOR UNLAWFUL DEBT COLLECTION PRACTICES<br><br>DEMAND FOR JURY TRIAL |

**PRELIMINARY STATEMENT**

1.    This is an action for actual and statutory damages as well as costs and attorney fees brought by an individual consumer for violations of the federal Fair Debt Collection Practices Act, 15 U.S.C. §1692, et seq. (hereinafter "FDCPA") and the California Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §1788, et seq. (hereinafter, "state Act"), which prohibit debt collectors from engaging in abusive, deceptive, and unfair practices.

COMPLAINT

## JURISDICTION AND VENUE

2. The jurisdiction of this Court arises under 15 U.S.C. §1692k(d) and 28 U.S.C. §1337.

3. Plaintiff Joel Corral (hereinafter, "Plaintiff") is a natural person and resident of Contra Costa County, California.

4. Creditors Financial Group LLC (hereinafter, "CFG") is a New York corporation with its principal place of business in Colorado. CFG regularly conducts business in the Northern District of California and the events upon which this action is based occurred in whole or in substantial part in the Northern District of California.

## FACTS

5. In late October of 2006, Plaintiff began receiving telephone calls from CFG regarding an alleged debt at a rate of about one per week until January of 2007.

6. In January of 2007, the frequency went from about one per week to about one per day.

7. In January of 2007, a man identifying himself as "Tyson Payton" left a message on Plaintiff's voice mail stating that Plaintiff "had better return the call if you don't want your family and friends to know about your debt."

8. In late January of 2007, Plaintiff sent a letter to CFG demanding that CFG cease communicating with him.

9. After CFG received Plaintiff's letter, they continued calling Plaintiff. Plaintiff answered and informed them that he had sent a cease contact letter, but CFG's employee insisted that they did not receive it because they don't sign for letters.

10. These telephone calls continued on for several months, sometimes as many as 20 or more in one day and at odd hours such as, for example, approximately 6:45 a.m. on a Sunday at least once.

11. Often, CFG's employees would yell, scream, use profane language, and berate Plaintiff. CFG's employees threatened that Plaintiff would go to jail if he did not pay.

12. During this time period, CFG called Plaintiff's sister approximately 20 times in one day, insisting that she was actually Plaintiff's wife and screaming that Plaintiff is gay. Again, CFG threatened that Plaintiff would go to jail.

13. During this time period, CFG also talked to Plaintiff's partner and screamed, berated, and harassed, and used extremely profane language, including profane language related to Plaintiff's sexual orientation.

14. As a direct and proximate result of CFG's actions, Plaintiff suffered actual damages including, but not limited to, loss of productivity, anxiety, indignation, irritability, nervousness, fear, worry, loss of happiness, headaches, loss of sleep, insomnia, nausea, stress, and anger.

## FIRST CLAIM FOR RELIEF

### Violations of Federal Fair Debt Collection Practices Act

15. Plaintiff realleges and incorporates by reference paragraphs 1 through 14 above as if fully set out herein.

16. Plaintiff is a "consumer" within the meaning of the FDCPA.

17. CFG is a "debt collector" within the meaning of the FDCPA.

18. CFG alleged that Plaintiff owed a "debt" within the meaning of the FDCPA.

19. CFG violated the FDCPA, 15 U.S.C. §1692e(4), by giving the impression that nonpayment of the alleged debt would result in the arrest or imprisonment of Plaintiff.

20. CFG violated the FDCPA, 15 U.S.C. §1692e(5), by threatening to take action that could not legally be taken.

21. CFG violated the FDCPA, 15 U.S.C. §1692e(7), by giving the false impression that Plaintiff committed a crime or other conduct in order to disgrace Plaintiff.

22. CFG violated the FDCPA, 15 U.S.C. §1692e preface and e(1) by using false, deceptive, or misleading representations or means in connection with the alleged debt collection.

23. CFG violated the FDCPA, 15 U.S.C. §1692f preface, by using unfair or unconscionable means to collect or attempt to collect the alleged debt.

24. CFG violated the FDCPA, 15 U.S.C. §1692d(2), by using profane and abusive language.

25. CFG violated the FDCPA, 15 U.S.C. §1692d(5), by causing the phone to ring or engaging a person in telephone conversations repeatedly.

26. CFG violated the FDCPA, 15 U.S.C. §1692d preface, by engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff in connection with the collection of the alleged debt.

27. CFG violated the FDCPA, 15 U.S.C. §1692c(c), by contacting Plaintiff after Plaintiff notified CFG in writing that Plaintiff wished CFG to cease further communication.

28. CFG violated the FDCPA, 15 U.S.C. §1692b(2), by stating to persons other then Plaintiff that Plaintiff owes a debt.

29. CFG violated the FDCPA, 15 U.S.C. §1692b(3), by contacting a person other then Plaintiff more then once without being requested to do so.

30. As a result of the above violations of the FDCPA, CFG is liable to Plaintiff for Plaintiff's actual damages, statutory damages, and costs and attorney fees.

## SECOND CLAIM FOR RELIEF

### Violations of California Fair Debt Collection Practices Act

31. Plaintiff realleges and incorporates by reference paragraphs 1 through 30 above as if fully set out herein.

32. Plaintiff is a "debtor" within the meaning of the state Act.

33. CFG is a "debt collector" within the meaning of the state Act.

34. The debt CFG alleged is owed by Plaintiff was a "debt" and "consumer debt" within the meaning of the state Act.

35. Each and every violation of the FDCPA as described herein is a violation of the state Act.

36.  As a result of the above violations of the state Act, CFG is liable to Plaintiff for Plaintiff's actual damages, statutory damages, and costs and attorney fees.

WHEREFORE, Plaintiff respectfully prays that judgment be entered against CFG for the following:

A.  Actual damages of at least $100,000;

B.  Statutory damages pursuant to 15 U.S.C. §1692k in the amount of $1,000 per violation of the FDCPA;

C.  Statutory damages pursuant to Cal. Civ. Code §1788.30(b) in the amount of $1,000 per violation of the state Act;

D.  Costs and reasonable attorney fees pursuant to 15 U.S.C. §1692k and Cal. Civ. Code §1788.30(c);

E.  For such other and further relief as may be just and proper.

Dated: June 8, 2007                    LAW OFFICES OF PAUL E. SMITH

                                       By: _____
                                              PAUL E. SMITH
                                              Attorney for Plaintiff
                                              JOEL CORRAL

### DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial as provided by Rule 38(a) of the Federal Rules of Civil Procedure.

Dated: June 8, 2007                    LAW OFFICES OF PAUL E. SMITH

                                       By: _____
                                              PAUL E. SMITH
                                              Attorney for Plaintiff
                                              JOEL CORRAL