STEPHEN A. SCOTT (SBN 67467)
PHUONG N. FINGERMAN (SBN 226772)
HAYES DAVIS BONINO ELLINGSON McLAY & SCOTT, LLP
203 Redwood Shores Parkway Suite 408
Redwood City, California 94065
Telephone: 650.637.9100
Facsimile: 650.637.8071

Attorneys for Defendant
CREDITORS FINANCIAL GROUP, LLC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| Joel Corral,          | CASE NO. C07-03003 |
|---|---|
| Plaintiff, | |
| v. | **CREDITORS FINANCIAL GROUP, LLC'S ANSWER TO COMPLAINT; DEMAND FOR JURY TRIAL** |
| Creditors Financial Group LLC, | |
| Defendant. | |

Defendant Creditors Financial Group, LLC ("CFG") hereby submits the following answer to plaintiff's complaint.

1.   Answering the allegations of Paragraph 1, this answering defendant lacks information sufficient to admit or deny the allegations therein and therefore denies said allegations on information and belief.

2.   Answering the allegations of Paragraph 2, this answering defendant admits the allegations therein.

3.   Answering the allegations of Paragraph 3, this answering defendant lacks information sufficient to admit or deny the allegations therein and therefore denies said allegations on information and belief.

4.   Answering the allegations of Paragraph 4, this answering defendant admits the allegations therein.

5.   Answering the allegations of Paragraph 5, this answering defendant admits that it left messages for plaintiff on his answering machine beginning mid-October of 2006. This

answering defendant lacks information sufficient to admit or deny the remaining allegations therein and therefore denies said allegations on information and belief.

6. Answering the allegations of Paragraph 6, this answering denies that the frequency of the telephone calls went from one per week to one per day.

7. Answering the allegations of Paragraph 7, this answering defendant admits that an individual by the name of Tyson Payton left messages for plaintiff in January of 2007. This answering defendant lacks information sufficient to admit or deny the remaining allegations therein and therefore denies said allegations on information and belief.

8. Answering the allegations of Paragraph 8, this answering defendant lacks information sufficient to admit or deny the allegations therein and therefore denies said allegations on information and belief. This answering defendant never received a letter from plaintiff demanding that CFG cease communication.

9. Answering the allegations of Paragraph 9, this answering defendant denies that it continued calling plaintiff after receiving a cease communication letter from plaintiff. This answering defendant lacks information sufficient to admit or deny the remaining allegations therein and therefore denies said allegations on information and belief.

10. Answering the allegations of Paragraph 10, this answering defendant denies said allegations.

11. Answering the allegations of Paragraph 11, this answering defendant denies said allegations.

12. Answering the allegations of Paragraph 12, this answering defendant denies said allegations.

13. Answering the allegations of Paragraph 13, this answering defendant denies said allegations.

14. Answering the allegations of Paragraph 14, this answering defendant lacks information sufficient to admit or deny the allegations therein and therefore denies said allegations on information and belief.

15. Answering the allegations of Paragraph 15, this answering defendant incorporates by reference the paragraphs set forth above as though set forth fully herein.

16. Answering the allegations of Paragraph 16, this answering defendant admits the allegations therein.

17. Answering the allegations of Paragraph 17, this answering defendant admits the allegations therein.

18. Answering the allegations of Paragraph 18, this answering defendant admits the allegations therein.

19. Answering the allegations of Paragraph 19, this answering defendant denies said allegations.

20. Answering the allegations of Paragraph 20, this answering defendant denies said allegations.

21. Answering the allegations of Paragraph 21, this answering defendant denies said allegations.

22. Answering the allegations of Paragraph 22, this answering defendant denies said allegations.

23. Answering the allegations of Paragraph 23, this answering defendant denies said allegations.

24. Answering the allegations of Paragraph 24, this answering defendant denies said allegations.

25. Answering the allegations of Paragraph 25, this answering defendant denies said allegations.

26. Answering the allegations of Paragraph 26, this answering defendant denies said allegations.

27. Answering the allegations of Paragraph 27, this answering defendant denies said allegations.

28. Answering the allegations of Paragraph 28, this answering defendant denies said

allegations.

29. Answering the allegations of Paragraph 29, this answering defendant denies said allegations.

30. Answering the allegations of Paragraph 30, this answering defendant denies said allegations.

31. Answering the allegations of Paragraph 31, this answering defendant incorporates by reference the paragraphs set forth above as though set forth fully herein.

32. Answering the allegations of Paragraph 32, this answering defendant this answering defendant admits the allegations therein.

33. Answering the allegations of Paragraph 33, this answering defendant admits the allegations therein.

34. Answering the allegations of Paragraph 34, this answering defendant admits the allegations therein.

35. Answering the allegations of Paragraph 35, this answering defendant lacks information sufficient to admit or deny the allegations therein and therefore denies said allegations on information and belief.

36. Answering the allegations of Paragraph 36, this answering defendant denies said allegations.

### AFFIRMATIVE DEFENSES

Defendant, in answer to the unverified Complaint of plaintiff herein, herewith denies each and every, all and singular, the allegation of the unverified Complaint, and in the is connection defendant denies that plaintiff has been injured or damaged in any of the sums mentioned in the Complaint, or in any sum, or at all as the result of any act or omission of this answering defendant.

AS A FIRST, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT ON FILE HEREIN, AND TO EACH ALLEGED CAUSE OF ACTION CONTAINED THEREIN, this answering defendant alleges that the Complaint fails to state facts sufficient to constitute a cause of action against this answering defendant.

AS A SECOND, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT ON FILE HEREIN, AND TO EACH ALLEGED CAUSE OF ACTION CONTAINED THEREIN, this answering defendant alleges that plaintiffs have waived and are estopped and barred from alleging the matters set forth in the Complaint.

AS A THIRD, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT ON FILE HEREIN, AND TO EACH ALLEGED CAUSE OF ACTION CONTAINED THEREIN, this answering defendant alleges that at all times and places mentioned in the Complaint herein, plaintiffs failed to mitigate the amount of their damages. The damages claimed by plaintiffs could have been mitigated by due diligence on their part or by one acting under similar circumstances.

AS A FOURTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT ON FILE HEREIN, AND TO EACH ALLEGED CAUSE OF ACTION CONTAINED THEREIN, this answering defendant alleges that plaintiffs acted with full knowledge of all the facts and circumstances surrounding their injury and assumed the risk of the matters causing the injury, and that said matters of which plaintiffs assume the risk proximately contributed to and proximately cause their injury, if any.

AS AN FIFTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT ON FILE HEREIN, AND TO EACH ALLEGED CAUSE OF ACTION CONTAINED THEREIN, this answering defendant alleges that the injuries allegedly sustained by plaintiffs were either wholly of in part caused by plaintiffs or persons, firms, corporations or entities other than this answering defendant, and whose acts or omissions are imputed to plaintiffs as a matter of law.

AS A SIXTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT ON FILE HEREIN, AND TO EACH ALLEGED CAUSE OF ACTION CONTAINED THEREIN, this answering defendant alleges on information and belief that the sole and proximate cause of the circumstances and events complained of by plaintiffs in the Complaint was due to the acts or omissions of persons and entities other than this answering defendant.

AS A SEVENTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT ON FILE HEREIN, AND TO EACH ALLEGED CAUSE OF ACTION CONTAINED THEREIN,

this answering defendant alleges on information and belief that plaintiffs are barred by virtue of their conduct in causing the damages alleged in the complaint under the Doctrine of Unclean Hands, as well as by the principle of *In Pari Delicto*.

AS AN EIGHTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT ON FILE HEREIN, AND TO EACH ALLEGED CAUSE OF ACTION CONTAINED THEREIN, this answering defendant alleges that plaintiff should be denied recovery under the Complaint, and each cause of action thereof, because plaintiff's conduct, or conduct imputed to plaintiff, was unreasonable.

AS A NINTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT ON FILE HEREIN, AND TO EACH ALLEGED CAUSE OF ACTION CONTAINED THEREIN, this answering defendant alleges that all claims for relief in the Complaint are barred by the applicable statute of limitations, including but not limited to those set forth in 15 U.S.C § 1681p.

AS A TENTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT ON FILE HEREIN, AND TO EACH ALLEGED CAUSE OF ACTION CONTAINED THEREIN, this answering defendant alleges that plaintiffs were careless and negligent in and about the matters alleged in the Complaint, and that said carelessness and negligence on said plaintiffs' own part proximately contributed to the happening of the incident and to their injuries, losses and damages complained of, if any there were; that should plaintiffs recover damages, this answering defendant is entitled to have the amount thereof abated, reduced or eliminated to the extent that plaintiffs' negligence caused or contributed to their injuries, if any.

AS AN ELEVENTH, SEPARATE AND AFFFIRMATIVE DEFENSE TO THE COMPLAINT ON FILE HEREIN, AND TO EACH ALLEGED CAUSE OF ACTION CONTAINED THEREIN, this answering defendant alleges that its conduct was not the cause in fact or the proximate cause of any of the losses alleged by plaintiffs.

AS A TWELFTH, SEPEARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT ON FILE HEREIN, AND TO EACH ALLEGED CAUSE OF ACTION CONTAINED THERIN, this answering defendant alleges that it has insufficient knowledge or

insufficient information upon which to form a belief as to whether it may have additional, yet unasserted, affirmative defenses. This answering defendant therefore reserves the right to assert additional affirmative defenses in the event further investigation and/or discovery indicate it would be appropriate.

## PRAYER FOR RELIEF

WHEREFORE, this answering defendant prays for judgment as follows:

1. That plaintiff takes nothing by his Complaint;
2. For costs of suit incurred herein; and
3. For such other and further relief as the Court deems proper.

## DEMAND FOR JURY TRIAL

Creditors Financial Group, LLC hereby demands a trial by jury.

Dated: July 30, 2007

HAYES DAVIS BONINO ELLINGSON
McLAY & SCOTT, LLP

By_____
STEPHEN A. SCOTT
PHUONG N. FINGERMAN
Attorneys for Defendant
CREDITORS FINANCIAL GROUP, LLC

143194

-7-

ANSWER TO COMPLAINT – CASE NO. C07-03003