PAUL E. SMITH (SBN 216644)
**LAW OFFICES OF PAUL E. SMITH**
16780 West Bernardo Dr., Suite 400
San Diego, California 92127
Telephone: (858) 679-3396
Facsimile: (858) 630-4947

Attorney for Plaintiff
JOEL CORRAL


STEPHEN A. SCOTT (SBN 67467)
PHUONG N. FINGERMAN (SBN 226772)
**HAYES DAVIS BONINO**
**ELLINGSON McLAY & SCOTT, LLP**
203 Redwood Shores Parkway Suite 408
Redwood City, California 94065
Telephone: 650.637.9100
Facsimile: 650.637.8071

Attorneys for Defendant
CREDITORS FINANCIAL GROUP, LLC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Joel Corral | CASE NO. C07-03003 |
| Plaintiff, | |
| v. | **JOINT CASE MANAGEMENT STATEMENT** |
| Creditors Financial Group LLC, | |
| Defendant. | |

Plaintiff Joel Corral ("Corral") and Creditors Financial Group, LLC ("CFG") hereby submit their Joint Case Management Statement.

## I.
## JURISDICTION AND SERVICE

This action involves the Fair Debt Collection Practices and California's Rosenthal/Fair Debt Collection Practices Act. The court has jurisdiction over this action under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337.

There are no issues regarding personal jurisdiction or venue. All parties have been served. The parties do not anticipate adding any additional parties.

## II.
## DESCRIPTION OF THE CASE

Plaintiff is a natural person residing in Contra Costa County, California. Defendant CFG is a New York corporation who engages in the business of collecting debts owed to third parties. CFG is authorized to do business and is doing business in the State of California.

Plaintiff alleges that CFG engaged in collection practices that violated the Fair Debt Collection Practices Act and California's Rosenthal/Fair Debt Collection Practices Act. Specifically, Plaintiffs contend that CFG:

(1) Threatened to, and did, contact Plaintiff's family and friends;

(2) Continued to contact Plaintiff after a Cease Communication letter was sent;

(3) Called repeatedly and at odd hours, including a call at 6:45 a.m. on a Sunday morning; and

(4) Used profane language, including in relation to Plaintiff's sexual orientation, and threatened arrest and/or legal action against Plaintiff.

## III.
## DESCRIPTION OF FACTUAL AND LEGAL ISSUES IN DISPUTE

Whether any of CFG's collection communications to Plaintiff were in violation of the Fair Debt Collection Practices Act and California's Rosenthal/Fair Debt Collection Practices Act. (U.S.C. § 1692 et seq; Civil Code 1788 et seq.).

## IV.
## MOTIONS

There are no pending motions.

Defendant CFG anticipates filing a motion for protective order.

## V.
## AMENDMENT OF PLEADINGS

Plaintiff do not anticipate any further amendment of the pleadings.

## VI
## EVIDENCE PRESERVATION

The parties agree to take steps to preserve evidence relevant to the issues reasonably evident in this case.

## VII.
## DISCLOSURES

The parties have made their initial witness and document disclosures under FRCP 26(a).

## VIII.
## DISCOVERY

The parties jointly agree to adhere to the discovery limitations outlined in the Federal Rules of Civil Procedure.

Defendant will propound the following discovery requests: (a) Special Interrogatories; (b) Requests for Production; and, (c) Requests for Admission. Defendant will also depose Corral and other individuals that may be identified during the course of this litigation.

Plaintiff will propound the following discovery requests: (a) Special Interrogatories; (b) Requests for Production; and, (c) Requests for Admission. Plaintiff will also depose Defendant and other individuals that may be identified during the course of this litigation.

The parties further intend to supplement disclosures or discovery responses pursuant to Rule 26(e) and will serve and file certification that all supplementation has been completed thirty days prior to the close of discovery.

## IX.
## CLASS ACTIONS

Not applicable.

## X.
## RELATED CASES

Not applicable.

## XI
## RELIEF

Plaintiff seeks actual damages of at least $100,000, statutory damages pursuant to 15 U.S.C.

§1692k in the amount of $1,000 per violation and statutory damages pursuant to California Civil Code §1788.30(b) in the amount of $1,000 per violation general. Corral also requests attorney's fees and costs.

Defendant requests that Corral takes nothing by his complaint. Defendant seeks costs of suit incurred herein and such other and further relief as the court deems proper.

## XII.
## SETTLEMENT AND ALTERNATIVE DISPUTE RESOLUTION

CFG and Corral currently has a mediation session scheduled with Carol Millie for December 12, 2007.

## XIII.
## CONSENT TO UNITED STATES MAGISTRATE JUDGE FOR ALL PURPOSES

The parties do not consent to assignment of this case to a United State Magistrate Judge.

## XIV.
## OTHER REFERENCES

Not applicable.

## XV.
## NARROWING OF ISSUES

Not applicable.

## XVI.
## EXPEDITED SCHEDULE

Not applicable.

## XVII.
## SCHEDULING

The following scheduling has been ordered by the Court:

1. Motions:                April 11, 2008
2. Motion Hearing:         May 16, 2008
3. Pre-Trial Conference:   June 24, 2008
4. Jury Trial:             July 7, 2008

## XVIII.
## TRIAL

This case will be a jury trial and the parties expect the trial will require approximately 3 to 5 court days.

## XIX.
## DISCLOSURE OF NON-PARTY ENTITIES OR PERSONS

The following listed parties have a direct, pecuniary interest in the outcome of this case. These representations are made to enable the Court to evaluate possible disqualification or recusal.

1. Chubb Insurance Co.

## XX.
## ALL OTHER ITEMS

Not applicable.

Dated: December 5, 2007

LAW OFFICES OF PAUL E. SMITH

By _____
Paul E. Smith
Attorney for Plaintiff
JOEL CORRAL

Dated: December 5, 2007

HAYES DAVIS BONNINO,
ELLINGSON McLAY & SCOTT, LLP

By _____
STEPHEN A. SCOTT
PHUONG N. FINGERMAN
Attorneys for Defendant
CREDITORS FINANCIAL GROUP, LLC

143194

-5-